# CIRCUIT COURT OF PRINCE WILLIAM COUNTY

Daisy B. Graham

v.

Northern Virginia
Electric Cooperative

July 21, 1997

Case No. (Law) 41065

BY JUDGE LEROY F. MILLETTE, JR.

The Plaintiff, Daisy B. Graham, filed suit in this Court pursuant to § 65.2-308 of the Virginia Code, which provides a cause of action for an employee who is discharged by her employer in retaliation for filing a workers' compensation claim. Defendant, Northern Virginia Electric Cooperative (hereinafter NOVEC), who was Mrs. Graham's employer at the time of her discharge, demurs on the basis that Mrs. Graham's claim is barred as a matter of law due to the results of an arbitration proceeding. Plaintiff acknowledges that although titled a demurrer, NOVEC's challenge takes the form of a Motion for Summary Judgment, such that a ruling in favor of NOVEC's motion would be dispositive of this case.

The issue in this case is whether Mrs. Graham's suit for retaliatory discharge under Virginia Code § 65.2-308 must be dismissed based upon the contractual arbitration of her discharge pursuant to the terms of a collective bargaining agreement between NOVEC and the labor union of which Mrs. Graham was a voluntary member. Mrs. Graham's Motion for Judgment must be dismissed based upon her willing submission to final and binding arbitration of all legal claims related to her discharge from NOVEC, which resulted in an adverse arbitration ruling. Defendant's demurrer is sustained.

## Facts

Mrs. Graham claimed that her absence from work on February 11, 1994, was based upon a disability from a previous injury that she sustained during the course of her employment. After investigation, NOVEC terminated Mrs. Graham's employment on March 9, 1994, alleging a breach of NOVEC's honesty policy due to her falsifying the reason for her absence on a request for leave form. On March 14, 1994, in protest of her discharge, Mrs. Graham filed a grievance pursuant to Article X of the collective bargaining agreement (hereinafter the Agreement) between NOVEC and the Union, of which Mrs. Graham was a member. Article X, Section 1, defines a grievance in part as "a suspected or perceived violation of the terms of this Agreement or an alleged violation of the law governing the Employee/Employer relationship."

The grievance was submitted to arbitration, and a full-day hearing was held before Arbitrator Joseph M. Sharnoff on November 2, 1994. In a considered and comprehensive nineteen-page opinion dated January 20, 1995, Mr. Sharnoff ruled that NOVEC had just cause for terminating Mrs. Graham for falsifying the request for leave form. Article X, § 2(g), of the Agreement provides that the arbiter's decision shall be final and binding. There has been no attempt by Mrs. Graham to attack or vacate the arbitration ruling. This lawsuit was subsequently filed on September 5, 1996.

## Discussion

It is Mrs. Graham's contention that an arbitration agreement contained in a collective bargaining agreement cannot waive an employee's right to litigate her individual statutory claims in a judicial forum. Mrs. Graham relies upon the case of *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 51-52 (1974), wherein the Supreme Court held that an employee who arbitrated employment discrimination claims pursuant to a collective bargaining agreement and lost was still entitled to bring suit in federal court under Title VII of the Civil Rights Law. The Court distinguished between statutory rights related to collective activity, such as the right to strike, which the union can waive on behalf of its members, and statutory rights of an individualized nature, such as laws against discrimination, which a union cannot waive on behalf of its members since such a waiver would defeat the paramount congressional purpose behind such antidiscrimination laws as Title VII.

Mrs. Graham argues that the Supreme Court has followed the *Gardner-Denver* rule consistently and has extended it to virtually all federal statutes that protect individual employee rights. In *Barrentine v. Arkansas-Best Freight*

*System*, 450 U.S. 728 (1981), the Court discussed the tension between two aspects of national labor policy. The tension exists between the encouragement of negotiations of terms and conditions of employment between employers and unions through the collective bargaining process and the guarantees of statutes governing relationships between employers and individual employees which guarantee substantive rights. In *Barrentine*, the Supreme Court resolved that tension by allowing employees who had arbitrated and lost their claims to sue that employer on the same issue under the Fair Labor Standards Act.

Mrs. Graham concludes that the arbitrator's decision in the instant case is at odds with statutory consideration. The basis for this conclusion was the finding by the Virginia Employment Commission, after an evidentiary hearing, that Mrs. Graham had not engaged in work-related misconduct and the finding by the Virginia Workers' Compensation Commission, also pursuant to an evidentiary hearing, that Mrs. Graham had not filed a fraudulent workers' compensation claim, had not been terminated for cause, and was entitled to temporary total disability benefits for the day in question. Therefore, Mrs. Graham contends that she is entitled to the right to file suit despite having lost the arbitration proceeding that she brought pursuant to the Agreement.

NOVEC argues that an agreement to arbitrate statutory claims precludes litigation of those same claims between the parties in a judicial forum. Although the Supreme Court held in *Gardner-Denver* and its progeny that arbitration did not offer the plaintiff an adequate means of redress for violations of statutory rights, more recent cases have repudiated that holding.

In the years following *Gardner-Denver*, the Supreme Court followed the growing national trend towards encouraging arbitration. In *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 26 (1991), the Supreme Court stated "[i]t is by now clear that statutory claims may be the subject of an arbitration agreement ...." The Court specifically rejected the argument that *Gardner-Denver* and its progeny preclude arbitration of employment discrimination claims. The Court stated:

> Since the employees there had not agreed to arbitrate their statutory claims, and the labor arbitrators were not authorized to resolve such claims, the arbitration in those cases understandably was not held to preclude subsequent statutory actions. *Id.* at 35.

In this case, the Agreement between NOVEC and the Union (of which Mrs. Graham was a willing participant) provides for "final and binding" arbitration of grievances, which are defined to include "any violation of the law concerning the employee/employer relationship." The facts of this case are

thus distinguishable from *Gardner-Denver* and its progeny. The difference is contained within the language of the Agreement. This Agreement authorizes the arbitrator to resolve not merely contractual issues but also statutory issues. Therefore, the issues in this case are controlled by the *Gilmer* line of cases.

In *Gilmer*, the Supreme Court stated that:

> [B]y agreeing to arbitrate a statutory claim, a party does not forego the substantive rights afforded by the statute; it only submits to their resolution in an arbitral, rather than a judicial, forum.

The Court emphasized its support of arbitration as a method of dispute resolution and endorsed federal statutes favoring this method of resolving disputes. The Court rejected all attacks upon the arbitration proceedings and explained that choosing arbitration meant exchanging litigation in a courtroom for "the simplicity, informality, and expedition of arbitration." *Id.* at 31. Finally, *Gilmer* further provides that once parties have contracted to arbitrate a statutory matter, the parties should be held to that agreement.

Despite the holding in *Gilmer*, Mrs. Graham contends that *Gardner-Davis* remains the law as to collective bargaining agreements. Several federal courts have recognized that *Gardner-Davis*, rather than *Gilmer*, continues to govern in the context of collective bargaining agreements. Other courts, including the Court of Appeals for the Fourth Circuit, have followed the *Gilmer* line of analysis. The Fourth Circuit in *Austin v. Owens Brockway Glass Container, Inc.*, 78 F.3d 875 (4th Cir. 1996), held that a collective bargaining agreement to arbitrate statutory claims was enforceable. This holding is directly on point, and it is made in a factual context consistent with the facts in this case. The Court held that the union had the authority to bargain for the right to arbitrate. Arbitration of a statutory right is not equal to giving up any right under a statute, it is simply another forum in which to resolve the dispute.

## Conclusion

In conclusion, this Court follows the Fourth Circuit's analysis in *Austin*. As a resident of a right-to-work state, Mrs. Graham was a voluntary member of the Union. The Union had the authority to negotiate an agreement which contained a provision for the arbitration of statutory rights. The Agreement specifically provided that statutory rights as well as contractual rights would be resolved through the process of arbitration. Mrs. Graham personally selected arbitration through the grievance procedure and was represented by counsel throughout the process.

Arbitration is an increasingly favored and sophisticated method of dispute resolution. There was no allegation made by Mrs. Graham that the arbitration proceeding should be stayed in order that she be able to file suit in order to proceed through a judicial forum rather than arbitration or so that she could preserve broader remedies than might be available through arbitration. The arbitrator in the proceeding provided a full and fair hearing where Mrs. Graham and NOVEC were capably represented, coincidentally by counsel who continue to be involved in the case through the instant suit. The arbitrator rendered a comprehensive and considered opinion. The arbitrator's ruling has never been attacked.

For all of the reasons stated above, the demurrer is sustained and this case is ordered dismissed.